**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:25-cv-24551-GAYLES/SHAW-WILDER**

**WENDY FOULKES,**

  **Plaintiff,**

**v.**

**PRINCESS CRUISE LINES, LTD.,**

  **Defendant.**
_____/

**ORDER**

  **THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's

Complaint (the "Motion"). [ECF No. 9]. The Court has reviewed the Motion and the record and is

otherwise fully advised. For the reasons that follow, the Motion is granted.

**BACKGROUND**

  Plaintiff Wendy Foulkes ("Plaintiff") brings this action against Defendant Princess Cruise

Lines, Ltd. ("Defendant") for injuries she incurred on Defendant's tender vessel (the "Tender").

[ECF No. 1]. Plaintiff was a passenger on the Tender when it began to violently move and rock,

causing her to be thrown to the floor. When she attempted to get up, the Tender moved again,

causing her to fall a second time. Plaintiff suffered injuries to her neck, shoulder, back, and hand.

Plaintiff alleges that Defendant failed to properly secure the tender based on its size and the

weather and sea conditions on the date of the accident.

The Complaint sets forth claims for vicarious liability (Count I), negligent failure to warn (Count II), negligent operations (Count III),[1] and general negligence (Count IV). *Id.* In her vicarious liability claim, Plaintiff alleges that Defendant and its crewmembers breached their duty to Plaintiff by, among other things, failing to provide safe means of movement aboard the tender, failing to monitor weather and sea conditions, failing to secure the tender, negligently operating the tender, and failing to warn Plaintiff of dangerous conditions. *Id.* ¶ 34. In her failure to warn claim, Plaintiff alleges that Defendant did not warn her of a range of dangers including unexpected movements of the tender, lack of monitoring of weather and sea conditions, and improperly trained or supervised crewmembers. *Id.* ¶ 39. Finally, in her general negligence claim, Plaintiff alleges that Defendant breached its duty "to warn" her of a long list of acts including but not limited to Defendants' failure to (1) provide safe ingress and egress from the vessel, (2) conduct tendering services in a reasonably safe manner, and (3) properly train, supervise, and monitor crewmembers. *Id.* ¶ 51.

Defendant has moved to dismiss arguing the Complaint is a shotgun pleading and fails to sufficiently plead notice. [ECF No. 9].

### STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are

---

[1] Defendant moved to dismiss the Negligent Operations claim, arguing it is not cognizable under general maritime law. [ECF No. 9]. In response, Plaintiff agreed to withdraw the claim. [ECF No. 10].

2

not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

**DISCUSSION**

The Complaint is a shotgun pleading. The Eleventh Circuit generally considers a complaint to be a shotgun pleading if, among other pleading deficiencies, it "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). "Plaintiffs may not 'cram multiple, distinct theories of liability into one claim' because each theory 'is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations.'" *Miles v. Carnival Corp.*, 767 F. Supp. 3d 1368, 1373 (S.D. Fla. 2025) (quoting *Ortiz v. Carnival Corp.*, No. 20-cv-24838, 2020 WL 6945958, at *1 (S.D. Fla. Nov. 25, 2020)).

In Count I, Plaintiff commingles theories of direct and vicarious liability, alleging that Defendant had a duty to provide reasonable care to Plaintiff while at the same time alleging that Defendant is vicariously liable for the acts or omission of its employees. *See* [ECF No. 1 ¶¶ 28, 32]. "[A] shipowner's duty to a plaintiff is not relevant to a claim based on vicarious liability." *Holland v. Carnival Corp.*, 50 F. 4th 1088, 1094 (11th Cir. 2022). Accordingly, Plaintiff's claim for vicarious liability improperly incorporates allegations related to a direct negligence claim and

3

must be dismissed. *See Anders v. Carnival Corp.*, No. 23-21367, 2023 WL 4252426, at \*4 (S.D. Fla. June 29, 2023) (holding that the plaintiff's commingling of direct negligence and vicarious liability claim was improper).

Count I also asserts claims against Defendant for its employees' negligent failure to maintain and negligent failure to warn within a single count. However, these are distinct causes of action that cannot be lumped together. *See Ajwani v. Carnival Corp.*, 722 F. Supp. 3d 1333, 1338 (S.D. Fla. 2024) (holding that "[i]t is not sufficient to cast a wide net of purported breaches in an attempt to keep one negligence claim afloat."); *Pride v. Carnival Corp.*, No. 23-cv-22121, 2023 WL 6907813, at \*4 (S.D. Fla. Oct. 19, 2023) (holding that "negligent failure to maintain, failure to warn, and negligent design claims are distinct negligence claims and cannot be nestled within [a] general negligence claim.") (internal quotation omitted). Count II suffers the same defects. There, Plaintiff alleges that Defendant failed to warn her of several dangers including that the crew was not properly trained or supervised.[2] As a result, Count II improperly commingles failure to warn, failure to train, and failure to supervise claims. Count IV fares no better. Though labeled general negligence, Plaintiff commingles claims for negligent maintenance, failure to warn, and failure to train, supervise, and monitor in one count. Accordingly, Plaintiff's Complaint shall be dismissed without prejudice.[3]

## **CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion to Dismiss Plaintiff's Complaint, [ECF No. 9], is **GRANTED**.

---

[2] Plaintiff is clearly attempting to plead a failure to warn claim and a failure to train or supervise claim in one count. Indeed, it is not plausible to think that any business would warn its customers that it did not properly train its employees.

[3] Because the Court dismisses the Complaint as a shotgun pleading, it does not address whether Plaintiff sufficiently alleged notice.

2.      Plaintiff's Complaint, [ECF No. 1], is **DISMISSED without prejudice**.

3.      Plaintiff may file an amended complaint on or before May 29, 2026.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of May, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE